**Gloria ROMERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–03–00124–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 26, 2004.

---

Albert A. Biel, Jr., El Paso, for appellant.

Cristina Viesca–Santos, Asst. County Atty., El Paso, for appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## MEMORANDUM OPINION

SUSAN LARSEN, Justice.

Gloria Romero appeals her conviction for illegal dumping in violation of the Texas Health and Safety Code. In three points of error she challenges the legal and factual sufficiency of the evidence against her, and alleges her Constitutional right against Double Jeopardy was violated. We affirm.

### Factual Summary

On January 14, 2000, in response to a complaint, the City of El Paso issued a written notice of violation to Romero for illegally storing construction debris on her property at 4806 Titanic in Northeast El Paso. In February, the condition of debris was unchanged, and Romero was charged with local zoning and debris violations in municipal court. The dates alleged in the two counts charged were for violations on February 19, 2000. Meanwhile, investigators with the Texas Commission on Environmental Quality [1] began their own investigation of the debris. They witnessed an eighteen-wheeler dump truck illegally unloading demolition debris inside the lot, which was enclosed by a locked fence. They also saw six closed trailers on the property. On January 10, 2000, Romero gave inspectors written consent to inspect the contents of the trailers, and they discovered commercial building and demolition materials. Although Romero told investigators she planned to build a nursing home on the property, they determined the debris could not have been used for construction.

A municipal court trial on October 27, 2000 resulted in a guilty verdict on both charges, and the court ordered Romero to pay $750 in fines for each offense. In November 2002, the State charged Rome-

---

1. Formerly known as the Texas Natural Re-    sources Conservation Commission.

ro, in an amended information, with violations of the Texas Health and Safety Code section 365.012, specifically, that:

> (O)n or about November 27, 2000, and before the filing of this information, in said county of El Paso, State of Texas, Gloria Romero did then and there intentionally, knowingly and recklessly dispose or allow or permit the disposal of litter or other solid waste, to wit: construction debris, asphalt and wrought iron, and said litter or other solid waste did have a volume of more than 100 cubic feet and had a weight of more than 500 pounds, at a place that is not an approved solid waste site, to wit: 4806 Titanic in El Paso County, Texas in violation of Texas State law Section 365.012 V.T.C.A. Health and Safety Code.

At trial, the court denied Romero's request for an instructed verdict of acquittal based on legal and factual insufficiency, and she was found guilty.

### The Evidence is Factually and Legally Sufficient

■ In her first two points of error, Romero alleges the evidence is not legally or factually sufficient to support the verdict. In reviewing legal sufficiency, this Court must review all of the evidence in the light most favorable to the verdict to decide whether a rational trier of fact could have found the elements of the alleged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Davila v. State*, 930 S.W.2d 641, 644 (Tex. App.-El Paso 1996, pet. ref'd). A determination that the evidence is legally insufficient means that the case should never have been submitted to the jury. *Clewis v. State*, 922 S.W.2d 126, 132–33 (Tex. Crim.App.1996). In reviewing the factual sufficiency of the evidence, the court of appeals must view "all the evidence with-out the prism of 'in the light most favorable to the prosecution.' . . . [and] set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis*, 922 S.W.2d at 129. However, an appellate court must defer to a jury's findings and cannot reverse just because it disagrees with it. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). A finding of factual insufficiency may be made only where it is necessary to prevent a manifest injustice, and even then a detailed explanation of the finding must be provided. *Id.; Johnson v. State*, 23 S.W.3d 1, 9 (Tex.Crim.App.2000). After a neutral review of all of the evidence, both for and against the finding, the appellate court must determine if "the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson*, 23 S.W.3d at 11.

The State in its brief alleges it was not required to prove a culpable mental state under Texas Health and Safety Code section 365.012(n). It is true that the current version of Subsection (n) negates the need for proof of a culpable mental state, thus making illegal dumping a strict liability crime, as of September 1, 2001. TEX. HEALTH & SAFETY CODE ANN. § 365.012(n) (Vernon Supp.2004). However, the complaint against Romero was filed in February 2001. The information against her, filed at the same time, alleges the dumping occurred on or about November 27, 2000. Therefore, subsection (n) does not apply in this case. Even so, the code provisions that were in effect at the time of the alleged crime impose merely a reckless mental state, and we find the State proved that element. There was evidence that Romero knew of the illegal dumping, and

allowed it to continue, for almost a year before the date alleged in the information. She never cleaned it up before the state charges were brought. We find her behavior in allowing the waste to remain on her property and even allowing further dumping after receiving notice that it was a violation constitutes evidence of a reckless mental state.

Romero argues there was no testimony from anyone who actually saw her dumping the waste. The State counters the crime charged does not require that Romero actually placed the litter on her property, only that she was reckless in allowing the litter to be placed there. We agree. Romero admitted she had a business relationship with the person who actually dumped the waste, John Rayas. She claimed she had no knowledge of the dumping, but the record shows she was on notice that she was in violation of the law by allowing her property to be used as an illegal waste site at least by January of 2000. She revisited the property in March of 2000 and knew the illegal dumping was continuing, and there was more waste on the property than there had been in January. Although she testified she told Rayas to clean it up, she said she could do nothing more to effectuate the clean up. She also testified that at the time of trial, she had paid to have the lot cleared of the majority of the debris. Nothing in the record explains why she was unable to clean up her property before she was charged, yet was able to clean it by the time of her second trial. A review of the record reveals the proof of guilt is not so obviously weak as to undermine confidence in the jury's determination, nor was it manifestly unjust. The evidence is both legally and factually sufficient to support the jury's verdict. Romero's first and second points of error are overruled.

### There Were No Double Jeopardy Implications

In her third point of error, Romero alleges her conviction on the state offense following her conviction in municipal court on a city code violation constitutes double jeopardy. The Fifth Amendment of the U.S. Constitution guarantees protection from prosecution twice for the same offense. U.S. CONST. amend. V. The United States Constitution applies to the states through the Fourteenth Amendment. *See* U.S. CONST. amend. XIV, § 1. In *Blockburger v. United States,* the Supreme Court held that where the same conduct violates two distinct penal provisions, the test of whether the two offenses are the same is whether each provision requires proof of a fact that the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Under the *Blockburger* test, the two offenses for which Romero was convicted each require a proof of fact the other does not. The municipal court conviction was for zoning and brush/rubbish violations, under chapter 9.04.340(C) of the El Paso Municipal Code:

It is unlawful for the owner, or any person having the right of possession of any property within the city, or outside of but within five thousand feet of the city limits, to accumulate or to permit the accumulation of garbage, rubbish, junk, ashes, filth, waste paper, discarded handbills or advertising material, weeds, brush, grass cuttings or other objectionable, unsightly or unsanitary matter of any nature, nor shall such person accumulate or permit the accumulation of such matter on the sidewalks, parkways, street gutters or alleys abutting such property. Any such accumulation is declared to be a public nuisance, the prompt abatement of which is deemed to be a public necessity. EL PASO MUNICIPAL CODE Ch. 9.04.340(C) (Ordinance 14719 extended the effective date of Ch.

9.04 to September 30, 2003).[2]

Romero's October 27, 2000 conviction was for acts on or about February of 2000. The City had to prove that on that date she owned the property, that she accumulated or allowed the accumulation of waste, in an objectionable, unsightly manner in a way that creates a public nuisance. *Id.*

In contrast, Romero's conviction here was for acts that occurred on or about November of 2000. In that case, she was charged with violations of the state health and safety code. Chapter 365 of the Health and Safety Code specifically addresses illegal dumping:

> A person commits an offense if the person disposes or allows or permits the disposal of litter or other solid waste at a place that is not an approved solid waste site, including a place on or within 300 feet of a public highway, on a right-of-way, on other public or private property, or into inland or coastal water of the state. Tex. Health & Safety Code Ann. § 365.012(a) (Vernon 2001).

The state charge also carries with it a weight element, requiring the state to prove the amount of waste allegedly dumped weighed more than 500 pounds and had a volume of more than 100 cubic feet. Tex. Health & Safety Code Ann. § 365.012(f)(1) (Vernon 2001). At trial, Romero acknowledged differences between the state and city charges. She admitted that the dates of the two previously charged offenses were different from the charges being tried, and even argued for the court to exclude the earlier convictions as irrelevant.

In reviewing this case in light of the factors above, we find that the public nuisance and the illegal dumping offenses stem from acts occurring on different dates and from regulatory statutes which carry distinct elements that are not common to the charged offenses. The State was required to prove facts in the second trial that were not a part of the first conviction. Therefore, the offenses do not have a common focus that would raise double jeopardy concerns. Romero's third point of error is overruled.

### Conclusion

Having overruled all points of error, we affirm the conviction.

BARAJAS, C.J., not participating.

---

2. This Court is unable to compare the two charging instruments, as the municipal court charging instrument was never introduced as evidence, and as such is not a part of the case record. However, it is sufficient for our purposes of double jeopardy review to compare the elements of the two statutes.