

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00311-CR

**FRANKLIN JOSEPH BOWERS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CR14873**

## MEMORANDUM  OPINION

The jury convicted Franklin Joseph Bowers of the offense of illegal dumping of 1000 pounds or more.  The trial court assessed punishment at 24 months in a state jail facility.  The trial court suspended imposition of the sentence and placed Bowers on community supervision for 5 years.  We affirm.

## Sufficiency of the Evidence

In the first issue, Bowers argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well

established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

**Background Facts:**

In 2009, Captain Larry Betik, with the Bosque County Sheriff's Department, received complaints about overgrown brush and grass on property in Bosque County. Captain Betik went to the property and spoke with Linda McKinley, Bower's aunt, who owned the property. Captain Betik testified at trial that he did not remember there being any litter or solid waste on the property at that time. Captain Betik did not take action in 2009. McKinley died in June of 2009, and sometime later, Bowers moved onto the property.

Captain Betik went again to the property in August 2010 after receiving complaints from neighbors about garbage. Captain Betik visited the property and took photographs of the waste on the property. Captain Betik issued a "30 day notice" to Bowers, and he also issued a notice to Bowers's mother, Janice Bowers, who owned the property at that time. The "30 day notice" was an effort to allow Bowers to clean up the property so that it would comply with state standards.

Captain Betik continued to receive complaints about the property, and in July or August of 2011, he again went to the property and took photographs of the waste on the property. On August 12, 2011, Captain Betik issued another "30 day notice" and a citation to Janice Bowers. On August 31, 2011, Janice Bowers transferred the title of the property to Bowers. Captain Betik continued to make contact with Bowers from August 2011 to

September 2013 encouraging him to clean up the property, but he did not issue any citations during that time period.

In September 2013, Captain Betik received a call from deputies to come to the property. The deputies were there in response to complaints from neighbors about the waste on the property. Captain Betik arrived at the property and observed the waste in the front and back of the property. Captain Betik again took pictures to document the condition of the property. Captain Betik placed Bowers under arrest for illegal dumping.

After Bowers's arrest, Captain Betik contacted Jonathon Newcom, with the Texas Commission on Environmental Equality, to investigate the conditions of the property. Newcom inspected the property on February 24, 2014 and took pictures of the waste on the property. Newcom testified at trial and described the waste found on the property. Newcom described the waste as construction demolition debris, household waste, broken tools, trash bags, plastic coke bottles, toys, linens, 55 gallon metal drums, and lots of municipal waste. Newcom testified that he measured the area covered by waste and the height of the waste to calculate the amount of waste on the property. Newcom stated that there was 254 cubic yards (6858 cubic feet) of waste and that the approximate weight of the waste was 57,000 pounds.

Destiny Bellah, Bowers's cousin, testified that she has been assisting Bowers in cleaning up the property. Bowers does not own a vehicle, and Bellah helps by taking trash to her home or to a recycling center. She stated that Bowers has not had trash service at the property since 2011.

Bowers testified at trial that he had been trying to clean up the property and that he would remove items from the buildings, bag them up, and stack the bags outside until he had help removing the bags from the property. He admitted that he is not able to borrow a trailer very often to haul off the trash and debris from the property. Bowers stated that he built a fence to conceal the waste on the property.

**Applicable Law:**

A person commits the offense of illegal dumping if "the person disposes or allows or permits the disposal of litter or other solid waste at a place that is not an approved solid waste site …" TEX. HEALTH AND SAFETY CODE ANN. § 365.012 (a) (West Supp. 2014). The offense is a state jail felony if the litter or solid waste weighs 1,000 pounds or more, or has a volume of 200 cubic feet or more. TEX. HEALTH AND SAFETY CODE ANN. § 365.012 (g) (1) (West Supp. 2014).

**Analysis:**

Bowers argues that the evidence is insufficient to show that on any single occasion he disposed of over 1,000 pounds of litter or other solid waste. "Dispose" and "dump" mean to discharge, deposit, inject, spill, leak, or place litter on or onto land or water. TEX. HEALTH AND SAFETY CODE ANN. § 365.011 (5) (West 2010). Bowers testified that he put waste in bags and placed it on the property. Captain Betik took photographs of the property that showed the waste accumulating on the property after Bowers was in possession of the property. Captain Betik testified at trial and described the accumulation of the waste on the property as depicted in the photographs. The evidence is sufficient to show that Bowers disposed of litter or solid waste on the property.

Section 365.012 (a) does not state that the person must dispose of the litter or solid waste or allow the disposal of litter or other solid waste in a single act. In Section 365.012, the degree of the offense is determined by the weight of the litter or solid waste; however, it does not specify that the weight is determined by the amount disposed of in a single act.

In *Romero v. State*, 129 S.W.3d 263 (Tex.App.-El Paso 2004, no pet.), the appellant was charged with illegal dumping under Section 365.012. In *Romero*, the State alleged that appellant disposed or allowed the disposal of litter or other solid waste, weighing more than 500 pounds. *Id*. at 265. Although not an issue in *Romero*, the facts suggest that the disposal of the litter or waste did not occur in a single occasion. We do not find any cases to support Bowers's position, and he does not cite to any.

The record shows that there was approximately 57,000 pounds of waste on the property. The State presented evidence that the waste accumulated on the property while Bowers lived on the property. Bowers did not have trash service for more than a year, and there was considerable household trash on the property. Bowers admitted to bagging waste and placing it on the property. We find that the evidence is sufficient to show that Bowers disposed of waste weighing over 1000 pounds. *See Burgess v. State*, 2015 Lexis Tex.App. 8159 (Tex.App. – Dallas, August 4, 2015, no pet.). We overrule the first issue.

**Justification**

In the second issue, Bowers contends that Section 365.012 (l) is applicable. Section 365.012 (l) provides:

This section does not apply to an individual's disposal of litter or other solid waste if:

> (1) the litter or waste is generated on land the individual owns;
> (2) the litter or waste is not generated as a result of an activity related to a commercial purpose;
> (3) the disposal occurs on land the individual owns;  and
> (4) the disposal is not for a commercial purpose.

TEX. HEALTH AND SAFETY CODE ANN. § 365.012 (g) (1) (West Supp. 2014).  The trial court instructed the jury that if they found the State proved each element of the offense beyond a reasonable doubt, they must then consider whether Bowers's actions were justified.  The trial court then detailed the provisions set out in Section 365.012 (l).

A defendant bears the burden of production with respect to defenses, which requires the production of some evidence that supports the defense.  *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  Once the defendant has met this burden, the State then shoulders the burden of persuasion to disprove the defense.  *Zuliani*, 97 S.W.3d at 594.   The burden of persuasion is not one that requires the production of evidence, rather it requires only that the State prove its case beyond a reasonable doubt.  *Id*. When a jury finds the defendant guilty, there is an implicit finding against the defensive theory.  *Zuliani v. State*, 97 S.W.3d at 594; *Saxton v. State*, 804 S.W.2d at 914.

The record shows that the waste on the property consisted of household trash, mattresses, construction debris, tools, carpet, and furniture.  The jury viewed pictures that showed the amount of waste on the property and also showed the various types of waste on the property. The jury heard evidence that there was approximately 57,000

pounds of waste on the property. The State was required to prove that Bowers disposed of 1,000 pounds of waste on the property. The jury could have rationally concluded that even if some of the waste was generated on the property, there was 1,000 pounds or more of litter or waste not generated on the property as set out in Section 365.012 (l). We find that the evidence is sufficient to support the jury's rejection of the justification defense in Section 365.012 (l). We overrule the second issue.

**Admission of Evidence**

In the third issue Bowers argues that the trial court erred in admitting the testimony of Jonathon Newcom concerning the conditions of the property. In the fourth issue, Bowers argues that the trial court erred in admitting photographs of the property taken by Newcom. We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id*. An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id*.

Newcom testified that Captain Betik contacted him in September 2013 to investigate Bowers's property. Newcom went to the property February 24, 2014 to conduct his investigation. Bowers objected that Newcom's testimony was more prejudicial than probative and had nothing to do with the events in September 2013. The trial court overruled the objection. Newcom testified that he took pictures of the property

during his investigation. Bowers objected to the admission of the pictures again stating that they were more prejudicial than probative.

Rule 401 defines "relevant evidence" as evidence having any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence. TEX. R. EVID. 401. Evidence may be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX.R. EVID. 403. Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003).

In the pictures taken by Newcom, there is a "scale stick" visible in the waste. Newcom testified that he puts the "scale stick" in the photographs "to provide scale for things that don't translate well to photographs from real world views." Newcom further testified that he refers to the photographs to "see how deep the pole is in the waste to determine how deep the waste is at any given spot." He uses this information in determining the total amount of waste on the property.

Newcom further described how he measures the dimensions of the property to calculate the amount of waste on the property. Newcom testified that there was approximately 57,000 pounds and 254 cubic yards of waste on the property. Newcom's testimony and pictures help establish the amount of waste on the property as required for the State to establish a state jail felony. The trial court did not err in admitting Newcom's testimony and photographs.

Moreover, any error in admitting the testimony and pictures did not affect Bowers's substantial rights. TEX. R. APP. P. 44.2 (b). Captain Betik testified that from September 2013 to February 2014, Bowers had cleaned up some of the waste and that there would have been more than 57,000 pounds at the time of Bowers's arrest. The State introduced pictures showing the amount of waste on the property at the time of Bowers's arrest. The jury would be able to compare the amount of waste present at the time of the arrest to the amount present at the time of Newcom's inspection. We overrule the third and fourth issues.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 19, 2015
Do not publish
[CR 25]

